IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | Civil No. 1:18-cv-0671 |
| Plaintiff, | : | |
| v. | : | |
| **JOHN DOE subscriber assigned IP Address 71.114.133.7,** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## O R D E R

Upon consideration of Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference (Doc. 5), and in accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED**, subject to the following conditions:

(1) Plaintiff may immediately serve a Rule 45 subpoena upon Verizon Internet Services ("the ISP"), the ISP listed in Exhibit A to the complaint (Doc. 1-2), for the purpose of obtaining information necessary to identify the individual assigned IP address 71.114.133.7 ("John Doe Defendant"), specifically his or her name and address. The subpoena shall have a copy of this order attached;

(2) The ISP will have 30 days from the date of service of the Rule 45 subpoena to serve the John Doe Defendant with a copy of the subpoena and a copy of this order. The ISP may serve the John Doe Defendant using any reasonable

means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

(3) The John Doe Defendant shall have 30 days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to Plaintiff before the expiration of this 30-day period. Additionally, if the John Doe Defendant or ISP files a motion to quash the subpoena, the ISP shall not produce any information to Plaintiff until the court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's contact information to Plaintiff until the court rules on any such motion;

(4) If the 30-day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Plaintiff;

(5) The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

(6) The ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If the ISP elects

to charge for the costs of production of information pursuant to this subpoena, it shall provide a billing summary and cost report to Plaintiff;

(7) Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated: May 2, 2018